**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES DAVID PATTERSON, ) | CV-N-05-0293-LRH (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| NDOC, ET AL., ) | **OF U.S. MAGISTRATE JUDGE** |
| Defendants. ) | March 28, 2006 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#8). Plaintiff opposed (#12), and defendants replied (#13-1).

The court has thoroughly reviewed the record and the motion and recommends that plaintiff's complaint be dismissed as moot.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff James David Patterson ("plaintiff") is a prisoner at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (*See* #5). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment rights to equal protection and due

process of law.¹  *Id.*  Plaintiff names as defendants Mr. Chaulis, ESP caseworker; A. Endel, ESP associate warden of programs; and E.K. McDaniel, ESP warden.²  *Id.*

In count I, plaintiff alleges that Chaulis violated his Eighth and Fourteenth Amendment rights because Chaulis learned of inaccuracies in plaintiff's inmate file ("I-File") and refused to correct the information.  *Id.*  In count II, plaintiff alleges the same claim against Endel, and count III advances the same claim against McDaniel.  *Id.*  Plaintiff contends that information in his I-File stating that he had been convicted of sexual assault in Louisiana is false and that these prison officials and staff knew that the information was inaccurate and failed to investigate the situation or correct the mistake.  *Id.*  Plaintiff argues that as a result other inmates believe he is a sexual predator and have attacked and injured him.  *Id.*

Defendants move to dismiss for failure to state a claim upon which relief may be granted and failure to exhaust administrative remedies (#8).  Subsequent to defendants' motion, plaintiff was released from NDOC custody on parole (#14).  Apparently, plaintiff is in custody in Louisiana because he was on parole there when he was arrested and convicted in Nevada.  *Id.*; #9, plaintiff's pre-sentence report filed under seal (#9).

## II. DISCUSSION & ANALYSIS

**A. Discussion**

**1. Mootness**

Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some

---

¹Plaintiff filed his original complaint on May 16, 2005 (#4) and filed his amended complaint on July 11, 2005 (#5).

²Plaintiff also named NDOC as a defendant (#5). The court dismissed NDOC from the action with prejudice on August 23, 2005 (#6).

2

evidence of an expectation of being transferred back. *See Preiser v. Newkirk*, 422 U.S. 395, 402-403 (1975); *Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (*per curiam*).

### 2. Persons amenable to suit under § 1983

State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Will v. Michigan Dep't. Of State Police*, 491 U.S. 58, 71 (1989). State officials sued in their official capacity for injunctive relief, however, are persons for purposes of § 1983. *See Will*, 491 U.S. at 71, n.10.

State officials sued in their personal capacity for monetary damages are persons for purposes of § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Liability in a personal capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The official in a personal-capacity suit may be able to establish immunity from claims for damages, depending on the facts. *See id*. at 166-67.

### 3. Failure to state a claim

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear beyond doubt that plaintiff will not be entitled to relief under the facts alleged in the complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

Under § 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also*

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Jones v. Community Redevelopment Agency*, 733 F.3d 646, 649 (9th Cir. 1984), *quoting Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

### 4. Exhaustion of administrative remedies

The Prison Litigation Reform Act of 1996 ("PLRA") was amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). All available remedies must be exhausted before a complaint under section 1983 may be entertained. *Id.* at 738. Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), *quoting Booth*, 532 U.S. at 739-40, n.5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.,* at 741, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

Exhaustion under section 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The dismissal of an action for the failure to exhaust administrative remedies is not a decision on the merits and thus is best addressed under a Rule 12(b) motion to dismiss. *Id.* "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the

4

1  court may look beyond the pleadings and decide disputed issues of fact."³ *Id.* at 1119-20.  If the

2  court concludes that the prisoner has not exhausted his or her administrative remedies, the proper

3  procedure is dismissal of the claim without prejudice.  *Id.* at 1120.

4        The NDOC grievance procedure is governed by Administrative Regulation ("A.R.") 740,

5  which was effective on January 5, 2004.  In order to exhaust available remedies, A.R. 740

6  

7  requires as follows:  (1) an informal review process within six months of an incident involving

8  a civil rights claim;  (2) a first level formal written grievance appealing the informal grievance

9  decision to the warden;  and (3) a second level grievance, which the Assistant Director of

10 Operations decides.  A.R. 740 requires NDOC officials to respond at each grievance level within

11 

12 a specified time period, beginning from the date of receipt of the inmate's grievance.

13    **B.  Analysis**

14       Plaintiff sued defendants in their official capacities only (#5).  Therefore, he cannot

15 recover money damages from defendants; though he may be granted injunctive relief.  *See*

16 *Arizonans for Official English*, 520 U.S. at 69 n.24; *Will*, 491 U.S. at 71.  After the defendants

17 filed their motion to dismiss, plaintiff was paroled in Nevada (#14).  When neither party has

18 

19 raised the issue of mootness, this court considers its jurisdiction *sua sponte*.  *United States v.*

20 *Yakima Tribal Court*, 806 F.2d 853, 857 (9th Cir. 1986).  Federal courts lack jurisdiction to

21 decide moot cases because our constitutional authority extends only to actual cases or

22 controversies.  *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983).  Plaintiff appears

23 

24 to be in custody in Louisiana and does not allege that it is likely he may be returned to NDOC

25 custody (*See* #14; *Preiser*, 422 U.S. at 402-403; *Johnson*, 948 F.3d at 519).  Clearly, injunctive

26

27 ─────────────

28     ³As noted by the *Wyatt* court, this procedure is closely analogous to summary judgment.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003).

5

relief against defendants is no longer possible. Accordingly, plaintiff's complaint seeking injunctive relief is rendered moot. Plaintiff's complaint (#5) is dismissed.

While plaintiff's complaint is dismissed as moot, the court will briefly address the merits of defendants' motion to dismiss. First, defendants argue that plaintiff fails to state a claim upon which relief may be granted (#8). Plaintiff alleges that his Eighth and Fourteenth Amendment rights have been violated because he has been classified based in part on incorrect information in his I-File stemming from allegations in his Pre-Sentence Investigation Report ("PSI") (#5). Defendants emphasize that the PSI is prepared by the Division of Parole and Probation and given to NDOC (#8; NRS 176.135). State statute provides plaintiff an opportunity to object to factual errors in the report. NRS 176.156(1). Defendants point out that plaintiff's PSI was completed in 1991, and they argue that plaintiff cannot sue current ESP personnel for allegedly failing to investigate errors in the PSI report that was prepared by parole and probation, not ESP or NDOC officials, fourteen years ago (#8). Defendants state, without elaboration, that they lack authority to make changes in the PSI report. *Id*. Defendants also argue that plaintiff is barred from bringing this complaint by the two-year statute of limitations that applies to § 1983 claims brought in Nevada. *Id*.; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); NRS 11.190(4)(e). Plaintiff failed to complain about the contents of the 1991 PSI until 2005 (#5).

Plaintiff does not argue that defendants have the authority to investigate or change plaintiff's PSI, especially at this late date (*See* #12). Responses to plaintiff's grievances also indicate that plaintiff was classified for ESP because he has an assaultive history beyond the statements contained in the PSI. *Id*., grievance printout GR-2005-24-1795; Nevada State Prison Summary of Incident. Because plaintiff does not allege that defendants had any role in preparing the PSI, or present any evidence that defendants have the authority to make changes to the PSI,

plaintiff does not appear to state a claim upon which relief may be granted. Plaintiff further appears barred by the statute of limitations.

Second, defendants argue that plaintiff failed to exhaust administrative remedies (#8). Mainly, defendants contend that grieving his classification based on the 1991 PSI fourteen years later does not serve to exhaust administrative remedies. *Id.* Plaintiff provides copies of the responses to his 2005 informal, first level and second level grievances regarding his classification based on the PSI (#12, GR 2005-24-1795).

In *Ngo v. Woodford*, the Ninth Circuit distinguished the facts of that case from one "where the prisoner deliberately bypassed the administrative process, or even a case of protracted delay." 403 F.3d 620, 629 (9th Cir. 2005). This case likely presents exactly the protracted delay of which the Ninth Circuit expressed disapproval, and plaintiff may not have exhausted his administrative remedies. Moreover, as discussed, plaintiff appears barred by the statute of limitations.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that because plaintiff has been paroled his complaint for injunctive relief is rendered moot. The court recommends the plaintiff's complaint be dismissed.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

7

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's complaint (#5) be **DISMISSED** as moot.

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss (#8) be **DENIED** as moot.

**DATED:** March 28, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE**